IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JAMIN LEVI MONTZINGO,

    Plaintiff,

v.                                                                                              Case No. 8:26-cv-31-MSS-SPF

CITY OF LAKELAND; JOSH BROWN, in
his individual and official capacities as
Municipal Hearing Officer; EMMA WILLIAMS,
in her official capacity as Clerk; INTERSECTION
SAFETY PROGRAM; JOHN DOE POLICE
OFFICER #254, in his individual capacity,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS**

    Plaintiff's claims, which essentially attempt to appeal a state administrative traffic court hearing, are barred. Plaintiff did not appeal the determination made at the hearing and was in any event afforded due process, as demonstrated by the video recording of the hearing. Plaintiff asserts no basis for municipal liability. Finally, the hearing officer and clerk are entitled to absolute immunity. Accordingly, Defendants, City of Lakeland, Josh Brown, and Emma Williams,[1]

---

[1] Although Plaintiff names the Intersection Safety Program, the program is a public roadway safety initiative, operated pursuant to Fla. Stat. 318.30-.38 and the City of Lakeland Municipal Code. The program is not a registered corporate or legal

pursuant to Rule 12, Federal Rules of Civil Procedure, move to dismiss Plaintiff's complaint with prejudice. Alternatively, Defendants request the Court to convert the motion into a motion for summary judgment.[2]

## I. INTRODUCTION AND BACKGROUND

Plaintiff, Jamin Levi Montzingo, asserts that on December 10, 2025, he "appeared for an administrative hearing regarding a red-light camera notice issued under the City of Lakeland's Intersection Safety Program." (Doc. 1 p. 2). Plaintiff asserts that there were "due process defects." (*Id*.) Plaintiff asserts that the City relied on unauthenticated evidence and that the "hearing officer issued a conclusory ruling without written findings of fact." (*Id*.) Plaintiff alleges that he "raised objections regarding authentication, chain of custody, and evidentiary reliability, which were not addressed." (*Id*.) Plaintiff contends a police officer "entered Plaintiff's personal space and made physical contact with Plaintiff after Plaintiff explicitly instructed him not to touch him and to step back." (*Id*.)

Plaintiff apparently asserts two counts: "municipal liability" and for "procedural due process." (*Id*. at 3). Plaintiff seeks declaratory and injunctive relief

---

entity. Its organizational affiliation could not be determined. In addition, "John Doe Police Officer #254" is not known to have been identified or served.

[2] "Consideration of a Rule 12(b)(6) motion is generally limited to the face of the complaint, and consideration of matters outside the pleadings converts the motion to dismiss to a motion for summary judgment." *Madura v. Bank of Am*., N.A., 767 F. App'x 868, 870 (11th Cir. 2019).

"prohibiting ongoing and future enforcement actions based on the challenged practices, including an order requiring preservation of all relevant evidence. . . ." (*Id.*)

Plaintiff's complaint should be dismissed, or in the alternative, summary judgment should be granted in favor of Defendants. Plaintiff's due process claim necessarily fails, as he did not avail himself of his state remedies. Moreover, Defendant Brown and Defendant Williams have absolute immunity.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6) Standard

Under Rule 12, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (cleaned up).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although the court must accept a plaintiff's allegations as true when considering a motion to dismiss, a plaintiff's unsupported conclusions of law or mixed fact and law, "unwarranted factual deductions," and "legal conclusions masquerading as facts" will not prevent a Rule 12(b)(6) dismissal. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### B.   Summary Judgment Standard

Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id*. The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If met, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (citation omitted). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Summary judgment is warranted where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving" party. *Id*. at 587.

### III.   ARGUMENT

Plaintiff's claims are due to be dismissed with prejudice, or alternatively, subject to summary judgment. The claims against the hearing officer and clerk are barred by absolute immunity. Plaintiff cannot appeal a state court decision for which he did not exercise his state remedies. Moreover, Plaintiff's claims are barred by the *Rooker*-*Feldman* doctrine and the *Heck* doctrine. Finally, Plaintiff has not alleged a basis for municipal liability. Defendants therefore respectfully request the Court to dismiss Plaintiff's claims with prejudice or enter final summary judgment in Defendants' favor.

### A.   Facts are to be Viewed as Depicted in Video Recordings

" 'When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.' " *Varnadore v. Merritt*, 778 F. App'x 808, 812 (11th Cir. 2019) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "This is especially the case when clear video evidence is in the record." *Id*. "Indeed, when there are no allegations or indications that video evidence has been doctored, or that the video

shows something different than what actually happened, the Supreme Court has indicated that we should 'view[] the facts in the light depicted by the videotape.' " *Id.* (quoting *Scott*, 550 U.S. at 378).

Here, the video recording of the December 10, 2025, hearing, (*see* Doc. 10),[3] clearly shows that Plaintiff was provided due process. Plaintiff was given a chance to speak and present evidence. However, Plaintiff repeatedly spoke out of turn and completely ignored the hearing officer's instructions. The video recording of the hearing contradicts Plaintiff's allegation that there were "due process defects." (*See* Doc. 1 p. 2).

B.   **Hearing Officer Brown and Clerk Williams have Absolute Immunity**

Plaintiff's claims against Josh Brown, the hearing officer, and against Emma Williams, the clerk, are barred by absolute immunity. *Nguida v. Polak*, No. 5:25-cv-309-JSS-PRL, 2025 U.S. Dist. LEXIS 184430, at *17 (M.D. Fla. Aug. 25, 2025), report and recommendation adopted by 2025 U.S. Dist. LEXIS 183527 (M.D. Fla. Sept. 17, 2025).

Plaintiff's claims against Brown involve actions Brown purportedly took or did not take while presiding as the Civil Traffic Infraction Hearing Officer over

---

[3] Counsel for Defendants, via its staff member, attempted to hand deliver to the Clerk's Office for filing a thumb drive containing the video file on January 29, 2026. However, the Clerk's Office informed the staff member that it could not accept the thumb drive without a Court Order. Therefore, Defendants are contemporaneously filing a motion for leave to file the thumb drive containing the video file.

Plaintiff's City of Lakeland traffic case. Plaintiff asserts that Brown acted as the hearing officer and "signed the final administrative order." (Doc. 1 p. 1). These actions have immunity.

"It is well-established that the doctrine of judicial immunity applies to state court judges, including hearing officers." *Nguida* at *19 (citing *Stevens v. Osuna*, 877 F.3d 1293, 1302 (11th Cir. 2017)). As in *Nguida*, here Plaintiff's claims against Brown concern only actions taken in his judicial function. *Id*. at *19-20. The claims for declaratory and injunctive relief are entitled to immunity. *See id*. at *21-22 ("As to Plaintiff's request for declaratory relief, which is retrospective in nature, the Complaint is devoid of any allegations that there was an inadequate remedy at law through the state appeals process.").

Similarly, Defendant Williams is entitled to absolute immunity. The only allegations against Williams are that she "accepted and process Plaintiff's filings and administrative documents in connection with the enforcement action." (Doc. 1 p. 2). "Non-judicial officials, including clerks of court, are entitled to absolute immunity for 'duties that are integrally related to the judicial process.' " *Nguida* at *22-23 (quoting *Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005); *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) ("Nonjudicial officials are encompassed by a judge's absolute immunity when their official duties have an

integral relationship with the judicial process.") (citation and internal quotation marks omitted)).

Thus, the claims against Hearing Officer Brown and Clerk Williams are barred by absolute immunity and must be dismissed with prejudice.

**C.    Plaintiff's Due Process Claim Fails**

    **1.    Plaintiff Failed to Avail Himself of the State Appellate Process**

Even if Defendants somehow deprived Plaintiff of a federally-protected right, Plaintiff did not take advantage of an adequate remedy in place – appeal to state court. This failure is fatal to his claim. *Mathis v. City of Lakeland*, No. 8:21-cv-235-SDM-SPF, 2021 U.S. Dist. LEXIS 144279, at *18-20 (M.D. Fla. Aug. 2, 2021), (report and recommendation adopted, 2021 U.S. Dist. LEXIS 155157, at *2 (M.D. Fla. Aug. 17, 2021) (collecting cases for the proposition that failure to pursue state remedies is fatal to a claim of procedural due process).

    **2.    Plaintiff's Claims are Barred by the *Rooker-Feldman* Doctrine**

Plaintiff's claims, "to the extent they seek review of the decisions from the state court proceedings, are barred by the *Rooker-Feldman* doctrine." *Nguida*, at *13 (citations omitted). "The *Rooker-Feldman* doctrine 'is intended to prevent the federal courts from hearing what are essentially appeals from state court decisions, which may only be heard by the United States Supreme Court.' " *Id*. at *13-14 (quoting *Target Media Partners v. Specialty Mktg. Corp*., 881 F.3d 1279, 1284

(11th Cir. 2018)). "This doctrine applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district review and rejection of those judgments." *Id*. (cleaned up). The "*Rooker-Feldman* doctrine bars claims that are inextricably intertwined with a state court judgment such that the federal court litigant is seeking to effectively nullify the state court judgment." *Id*. at *15 (cleaned up). "This includes both requests to nullify the state court judgment directly and indirectly." *Id*. (citations omitted). "Simply stated, federal courts are not a forum for appealing state court decisions." *Id*. (cleaned up).

Plaintiff's complaint is at least an indirect request to nullify the state court judgment. Plaintiff asserts that the hearing officer's ruling was based on insufficient and unauthenticated evidence, that the officer did not make findings of fact, that Plaintiff was denied due process, and that Plaintiff's evidentiary objections were not addressed. His claims are thus "inextricably intertwined with a state court judgment" and are thus barred.

### 3. Plaintiff's Claims are Barred by the Heck Doctrine

In addition, to the extent Plaintiff seeks the overturning of his conviction on the traffic citation, his Section 1983 claims are also barred by the "favorable-termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994)." *Gray v Kinsey*, No. 3:09cv324/LC/MD, 2009 U.S. Dist. LEXIS 75605, at *4 (N.D. Fla.

2009). Plaintiff must first obtain a favorable termination or reversal before filing a Section 1983 action in federal court.

In *Gray*, the plaintiff had been convicted of a traffic violation, resulting in a fine. *Id*. at *22-23. The plaintiff alleged that there was insufficient evidence to support his conviction. *Id*. at *23. The court concluded that it could not make a determination in the plaintiff's favor because doing so "would necessarily imply the invalidity of his conviction." *Id*. The *Gray* court traced the history of the Eleventh Circuit's application of *Heck* to Section 1983 "suits by plaintiffs who are not in custody and thus for whom federal habeas relief is not available." *Id*. at *13-*22. The court concluded that, despite the "unavailability of federal habeas relief, the plaintiff is not without a remedy to seek relief from his conviction through appeal of the traffic conviction." *Id*. at *24. The court continued: "Plaintiff is attempting to substitute this civil rights action for such an appeal." *Id*. at *25. "To allow plaintiff to circumvent applicable state procedures and proceed directly to federal court to collaterally attack his conviction through § 1983 would undermine the basis of *Heck's* favorable-termination requirement." *Id*.

Similar to *Gray*, Plaintiff alleges there was insufficient evidence to support the "monetary penalty" issued against him. (Doc. 1 p. 3). Were this Court to make a determination in Plaintiff's favor, it would "necessarily imply the invalidity of his conviction" and is thus barred by *Heck*.

### D. The Municipal Liability Claim is Subject to Dismissal or Judgment

Plaintiff attempts to challenge a purported city policy "governing automated traffic enforcement" and delegating "substantial enforcement authority to the Private Third-Party Vendor." (Doc. 1 p. 3). Plaintiff asserts that the City relied on the "evidence, notices, and administrative processing" of a third-party vendor as "part of a unified enforcement scheme." (*Id*.)

In *Mathis*, the plaintiff attempted to assert liability against the City for the actions of the hearing officers. The court found that the City was not liable for the administrative decisions of the hearing officers:

> Plaintiff was charged with state-law misdemeanor traffic offenses under Fla. Stat. §§ 316.074(1), and 316.075(1)(c)(1). Florida law confers jurisdiction on municipalities to designate hearing officers to interpret Florida's Uniform Traffic Control Law within the municipality's boundaries. See Fla. Stat. §§ 316.008, 318.30. Under Florida law, "Any Civil Traffic Infraction Hearing Officer Program established in a county under ss. 318.30-318.38 shall be subject to the supervision of the Supreme Court." Fla. Stat. § 318.30. And a municipality, "through its duly authorized officers, shall have nonexclusive jurisdiction over the prosecution, trial, adjudication, and punishment of violations of this chapter when a violation occurs within the municipality and the person so charged is charged by a municipal police officer." Fla. Stat. § 316.008(2). Because Defendants Vaughn and Brown adjudicated Plaintiff's state-law misdemeanor traffic offense, and their decisions were appealable to circuit court, the undersigned cannot find that the hearing officers were the final policymaker for the City or that the City had "control over" them concerning Plaintiff's case. *See Teagan*, 949 F.3d at 678. For this reason, the City is not liable under § 1983 for Vaughn's and Brown's administrative decisions.

2021 U.S. Dist. LEXIS 144279, at *14-15.

Here, as in *Mathis*, Brown adjudicated Plaintiff's state-law traffic offense, and his decision was appealable to circuit court. *See id*. at *15. Brown was not the final policy maker for the City nor did the City have "control over" Brown concerning Plaintiff's case. *See id.* Thus, Defendant City is not liable under Section 1983 for Brown's administrative decisions. *Id*. Plaintiff has not alleged any other basis for municipal liability, and the claim should be dismissed with prejudice, or alternatively, the City should be awarded final summary judgment in its favor.

## IV. CONCLUSION

Plaintiff's claims here are barred, as Plaintiff did not avail himself of his state court remedies. The claims are also barred by the *Rooker-Feldman* and *Heck* doctrines. Moreover, the claims against Defendants Josh Brown and Emma Williams are barred by absolute immunity. Finally, Plaintiff cannot state a municipal liability claim against the City based on the actions of the administrative hearing officer or procedures used during the hearing. Defendants are therefore entitled to dismissal with prejudice and judgment in their favor.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants conferred with Plaintiff during a telephone call on January 29, 2026. Plaintiff objects to the relief requested herein.

Respectfully submitted on January 29, 2026, by:

/s/ *Jonathan B. Trohn*
JONATHAN B. TROHN, *lead counsel*
Florida Bar No. 0880558
Campbell Trohn Tamayo & Aranda, P.A.
1701 South Florida Avenue
Lakeland, Florida 33803
Tel: (863) 686-0043
j.trohn@cttalaw.com
*Attorneys for Defendant, City of Lakeland, Josh Brown, and Emma Williams*